# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEVE BERRY,

    Petitioner,

v.                                          CASE NO. 8:10-CV-79-T-30MAP
                                                 CRIM. CASE NO. 8:06-CR-349-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (hereinafter "motion") (CV Dkt. #1) filed on January 12, 2010, and Petitioner's "Show Cause Motion" (CV Dkt. 5) which the Court construes as a response to the Court's January 21, 2010 order to show cause why the motion should not be dismissed as time barred (See CV Dkt. 4). The Court concludes that this motion is due to be dismissed without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that the petition is time barred.

## BACKGROUND

On October 16, 2006, Petitioner executed a plea agreement in which he agreed to enter a plea of guilty as to Count One of the Indictment, conspiracy to possess with intent to distribute 500 grams of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846 (CR Dkt. #94). On February 14, 2007, Petitioner appeared for

sentencing (CR Dkt. #171). The Court imposed a sentence of 135 months imprisonment to be followed by a 5 year term of supervised release and entered an amended judgment on February 22, 2007 (CR Dkt. #173). Petitioner did not file a direct appeal.

**I.     The motion is untimely**

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for filing motions under 28 U.S.C. § 2255, to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (April 24, 1996).

Because Petitioner in this case did not file a direct appeal, his conviction became final ten (10) business days after February 22, 2007, the date the amended judgment of conviction (CR Dkt. # 173) was entered in this case. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when a defendant does not pursue direct appeal, a conviction becomes final when the time for filing a direct appeal expires). After the amended judgment became final on March 8, 2007, Petitioner had one year to file his motion, i.e., on or before March 8, 2008.

*Id*. at 1340. The present motion was clearly not filed within this limited time frame. It was filed almost two years after the amended judgment became final in this case. Therefore, the motion is untimely.

As the Supreme Court noted in *Dodd v. United States*, 545 U.S. 353, 356-57 (2005), "[i]n most cases, the operative date from which the limitation period is measured will be the one in [§ 2255(f)(1)] . . . . But later filings are permitted where subparagraphs (2)-(4) apply." In this case, Petitioner essentially asserts that such a statutory exception to the operation of the one-year limitation period is applicable to him under § 2255(f)(3) and that the limitation period should be measured from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). Specifically, Petitioner asserts that his motion is timely pursuant to 28 U.S.C. § 2255(f)(3) since he filed his motion within one year of the United States Supreme Court's decision in *Chambers v. United States*, 129 S. Court. 687 (2009), decided January 13, 2009. He argues that *Chambers* announced a new substantive right that applies retroactively on collateral review. Specifically, he argues that "[i]n *Chambers* the Supreme Court interpreted congress's [sic] intent of what conduct should qualify in determining whether an offense was a 'violent felony' for purposes of the federal Armed Career Criminal Act." (CV Dkt. 5 at pg. 2).

Section 2255(f)(3) states that the limitation period shall run from "the date on which the right asserted was *initially recognized* by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review..." (emphasis added). On April 16, 2008, the Supreme Court decided in *Begay v. United States*, 128 S. Court. 1581 (2008), that the term "violent felony" applied only to conduct that involves "purposeful, violent and aggressive conduct." *Id*. at 1588. The prior felony under consideration in *Begay* was drunk driving. In *Chambers*, the Supreme Court extended the holding of *Begay* to the crime of failing to report to serve a sentence, finding that such crimes did not involve conduct that presented a serious potential risk of physical injury to another. *Chambers*, at 691.

The Eleventh Circuit explained in *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) that "[t]he meaning of 'right asserted' in the statute is the substantive right that forms the basis for the § 2255 motion." Petitioner claims in his motion that his prior conviction for carrying a concealed firearm is not a crime of violence, and therefore should not have been used to enhance his sentence as a "career offender." The Eleventh Circuit has observed that *Begay* "set forth a new standard to evaluate which crimes constitute 'violent felonies' and 'crimes of violence[.]'" *United States v. Archer*, 531 F.3d 1347, 1351 (11th Cir. 2008). Therefore, the right asserted by Petitioner, i.e., the method by which courts should determine if an offense is a "crime of violence" under the Sentencing Guidelines,[1] was

---

[1]This Court applied the Sentencing Guidelines section 4B1.1 "Career Offender" enhancement to Petitioner's sentence. The Eleventh Circuit Court of Appeals "has extended *Begay's* way of construing the ACCA 'violent felony' provision to U.S.S.G. section 4B1.1-2 'crimes of violence.'" *United States v. Whitson*, 2010 U.S. App. LEXIS 3871 at *3 (11th Cir. Feb. 24, 2010) (unpublished opinion).

4

"initially recognized" in *Begay*.[2] At most, *Chambers* clarified or extended the rule announced in *Begay*.[3] Therefore, even if the decisions in *Begay* and *Chambers* are retroactively applicable to Petitioner's motion, this Court concludes that Petitioner had one year from the date of the decision in *Begay* to file his motion.[4] *See Frederick v. United States*, 2009 U.S. Dist. LEXIS 124340 at *18-19 (S.D. Fla. 2009) ("This Court finds...that *Begay* announced a new substantive rule such that the conduct of carrying a concealed firearm no longer constitutes a prior conviction capable of being used to enhance a sentence under § 924(e)(2)...In light of Begay and Archer, a prior conviction for carrying a concealed firearm no longer qualifies as a predicate offense under the Guidelines or the ACCA."). Consequently, because *Begay* was decided on April 16, 2008, Petitioner's motion is untimely.

**Equitable tolling**

Typically, a motion not timely filed is dismissed. However, a petitioner is not time barred from filing if he is entitled to an equitable tolling of the one-year limitation period. In *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999), the Eleventh Circuit held that an extension of time in which to file a § 2255 motion is warranted only if

---

[2] In *United States v. Archer*, decided June 26, 2008, the Eleventh Circuit concluded that, in light of *Begay*, "the crime of carrying a concealed firearm may no longer be considered a crime of violence under the Sentencing Guidelines." *Id.* at 1352.

[3] Petitioner's prior conviction was carrying a concealed firearm, not a failure to report charge that was at issue in *Chambers*.

[4] The *Begay* and *Archer* decisions were both available to Petitioner in a § 2255 motion during the year following the *Begay* decision. Both decisions, however, preceded Petitioner's motion by over one year.

5

extraordinary circumstances beyond a prisoner's control make it impossible to file the motion on time. The Eleventh Circuit in *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002) held that "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner," and further emphasized that "[e]quitable tolling is an extraordinary remedy and is applied sparingly." The court noted that to merit equitable tolling, "[a] truly extreme case is required." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). Equitable tolling is available only if a petitioner establishes both extraordinary circumstances and due diligence. *See Diaz v. Sec'y Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). Petitioner's claim fails to satisfy the first prong. A change in the law does not constitute an extraordinary circumstance. In the analogous setting of a petitioner seeking untimely Fed. R. Civ. P. 60(b)(6) relief from a final judgment, the Supreme Court addressed the effect of a change in law in *Gonzalez v. Crosby*, 545 U.S. 524, 537-38 (2005), reasoning that "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation [than the District Court below reached]."

Furthermore, Petitioner's pro se status affords him little advantage as the Eleventh Circuit has held that lack of familiarity with the judicial process will not justify equitable tolling. *See, e.g., Rich v. Dep't of Corr.*, 317 Fed. Appx. 881, 884 (11th Cir. 2008) (noting that pro se status is not an extraordinary circumstance); *Helton v. Sec'y Dep't of Corr.*, 259 F.3d 1310 (11th Cir. 2001) (refusing to recognize an extraordinary circumstance when an incarcerated petitioner mistakenly believed the AEDPA period of limitation had not started

6

to run). Therefore, Petitioner is not entitled to equitable tolling.

## II. The motion fails on the merits

Even if Petitioner's motion had been timely, it would still have failed on the merits. In his motion, Petitioner raises four grounds for relief:

**Ground One:** In light of *Chambers*, this Court lacked jurisdiction to sentence Petitioner as a career offender.

**Ground Two:** In light of *Chambers*, Petitioner is actually innocent of the career offender enhancement.

**Ground Three:** Petitioner's sentence is manifestly unjust and amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

**Ground Four:** In light of *Chambers*, Petitioner's sentence is fundamentally defective and a miscarriage of justice.

### A. Appeal waiver

By virtue of the express language of his Appeal of Sentence-Waiver, Petitioner has waived the right to collaterally attack his sentence on Grounds One, Two and Four in his motion.[5] In his Plea Agreement, Petitioner expressly waived his right "to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing

---

[5]Petitioner did not waive the right to appeal or challenge collaterally his sentence on the basis that it violates the Eighth Amendment to the United States Constitution (CR Dkt. 94 at pgs. 11-12). Therefore, he did not waive the right to bring his claim under Ground Three in this action.

Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eight Amendment to the Constitution..." (CR Dkt. 94 at pgs. 11-12). Petitioner's appeal waiver waives the right to bring Grounds One, Two, and Four in the instant § 2255 collateral challenge. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005), *cert. denied*, 546 U.S. 902 (2005)("It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."). The plain language of the appeal waiver provision informed Petitioner that he was waiving his right to collaterally attack his sentence on these grounds.

**B.     Procedural default**

"In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding." *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). Accordingly, Petitioner is barred from asserting his sentencing error claims absent a showing of (1) cause and prejudice, or (2) a fundamental miscarriage of justice. *See United States v. Frady*, 456 U.S. 152, 166-68 (1982); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). In order to show cause, a petitioner must show some external impediment preventing counsel from constructing or raising the claim. *High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000). "Such external impediments include evidence that could not reasonably have been discovered in time to

comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). Absent cause and prejudice, the procedural default of a constitutional claim may be excused only if enforcing the default would result in a fundamental miscarriage of justice. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

All of Petitioner's claims in his motion could have been raised on direct appeal, but Petitioner failed to do so. In fact, he did not appeal his conviction and sentence. Petitioner does not allege cause or prejudice for failing to raise these claims on direct appeal. Nor does he establish any fundamental miscarriage of justice. Moreover, Petitioner's waiver of the right to assert these claims on direct appeal pursuant to the Appeal of Sentence-Waiver is not cause for excusing Petitioner's procedural default.[6] *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001). Therefore, Petitioner is procedurally barred from raising these claims in his motion.

---

[6]Again, Petitioner did not waive his right to appeal his sentence on the ground that it violates the Eighth Amendment.

## C. Petitioner's claims pursuant to *Chambers* and *Archer* are not cognizable under § 2255

To the extent Petitioner asserts in his motion that pursuant to *Chambers* and *Archer*, he was erroneously sentenced as a career criminal offender, the claim is a non-constitutional claim that does not provide a basis for collateral relief. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "[T]he scope of collateral review for other than constitutional claims is markedly narrow." *United States v. Couch*, 896 F.2d 78, 80 (5th Cir. 1990). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

Petitioner's claim that he was erroneously sentenced as a career criminal offender is a non-constitutional claim. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (mistakes in the application of the sentencing guidelines are non-constitutional errors). Consequently, his claim is cognizable in this § 2255 action only if he can demonstrate that 1) his claim "could not have been raised in direct appeal"; and 2) his injury "would, if

condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted).

Petitioner's claim that pursuant to *Chambers* and *Archer* his sentence should be set aside and reconsidered without the career-offender enhancement is not cognizable in this action. Because Petitioner's status as a career offender "is a non-constitutional issue that [Petitioner] could have raised on direct appeal, it is not cognizable on collateral review under § 2255." *United States v. Coley*, 2009 U.S. App. LEXIS 15607, at *8 (11th Cir. July 14, 2009). This is so even though *Chambers* and *Archer* had not yet been decided when Petitioner was sentenced. *See Coley,* 2009 U.S. App. LEXIS 15607, at *7 ("*Begay* and *Archer* had not yet been decided when Coley was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal-- just as *Begay* and *Archer* later did.").

**D.    Petitioner's sentence is not manifestly unjust and does not amount to cruel and unusual punishment**

To the extent Petitioner complains in his motion that his sentence is manifestly unjust and amounts to cruel and unusual punishment, the claim has no merit. First, Petitioner admitted to committing the crime and pled guilty. Therefore, there is nothing manifestly unjust or cruel and unusual about his conviction. Likewise, there is nothing manifestly unjust or cruel and unusual about his sentence. The Plea Agreement informed Petitioner that his crime was "punishable by a mandatory minimum term of imprisonment of 5 years up to 40

11

years, a fine of $2 million, a term of supervised release of at least 4 years, and a special assessment of $100, said special assessment to be due on the date of sentencing." (CR Dkt. 94 at pg. 1). Petitioner was sentenced to 135 months in prison followed by 5 years supervised release, and a $100 assessment (CR Dkt. 173), well below the statutory maximum.

Second, when faced with an Eighth Amendment challenge, this Court "must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed." *United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir.), *cert. denied*, 546 U.S. 893 (2005). If the defendant satisfies his burden of establishing disproportionality, this Court then "must [] consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *Id*. at 1324, n.4.

"'Outside the context of capital punishment, successful challenges to the proportionality of sentences [are] exceedingly rare.'" *Id*. at 1323 (quoting *Solem v. Helm*, 463 U.S. 277, 289-90 (1983)). This is so because this Court "accord[s] substantial deference to Congress, as it possesses 'broad authority to determine the types and limits of punishments for crimes.'" *Id*. (quoting *Solem*, 463 U.S. at 290); *see also Harmelin v. Michigan*, 501 U.S. 957, 1006-07 (1991) ("We have never invalidated a penalty mandated by a legislature based only on the length of sentence, and. . . we should do so only in the most extreme circumstances.") (Kennedy, J., concurring).

In *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir.), *cert. denied*, 127 S. Court. 462 (2006), the Eleventh Circuit rejected a defendant's Eighth Amendment challenge on the ground that he had failed to make the threshold showing of disproportionality because the district court had sentenced him within the statutory limits. Because the defendant had failed to make the threshold showing of disproportionality, the Eleventh Circuit did "not [need] to consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crimes in other jurisdictions." *Id*. At the time of his sentencing, Petitioner was properly sentenced as a career offender, was sentenced within the guidelines range, and sentenced well below the statutory limits. Like the defendant in *Johnson*, 451 F.3d at 1243, Petitioner has not satisfied his burden of establishing disproportionality, and has not otherwise established that his sentence is cruel and unusual.

It is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is **DISMISSED** as time barred.

2. The Clerk is directed to close this file and terminate from pending status the motion to vacate found at CR Dkt.#284, in the underlying criminal case, case number 8:06-cr-349-T-30MAP.

# CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue …only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on March 5, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner