**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEVE BERRY,

    Petitioner,

v.                                          CASE NO. 8:13-CV-1911-T-30MAP
                                                CRIM. CASE NO. 8:06-CR-349-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (CV Dkt. 1).  A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases.  If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255(b).  Upon consideration of the § 2255 motion and the record, the Court concludes that the § 2255 motion must be dismissed as successive.

## BACKGROUND

Pursuant to a plea agreement, Petitioner pleaded guilty to conspiracy to possess with intent to distribute five hundred grams or more of cocaine, contrary to the provisions of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii) (CR Dkts. 94, 108, 119, 173).  Petitioner was sentenced on February 21, 2007, to a 135-month term of imprisonment, to be followed by a 60 month term of supervised release (CR Dkt. 173).  Petitioner did not appeal his conviction or

sentence. Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was dismissed as time-barred[1] by this Court on March 5, 2010 (CR Dkt. 287); *see Berry v. United States*, Case No. 8:10-CV-79-T-30MAP (M.D. Fla. 2010). The Eleventh Circuit Court of Appeals affirmed the dismissal of Petitioner's § 2255 motion. *Berry v. United States*, 468 Fed. Appx. 924 (11th Cir. 2012) (unpublished).

## DISCUSSION

Petitioner now returns to this Court seeking to vacate his sentence based upon *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and a claim that counsel was ineffective in failing to file a notice of appeal. "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255, and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005). This case will, therefore, be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, it is **ORDERED** that:

1. The motion to vacate, set aside, or correct an illegal sentence is **DISMISSED**, without prejudice, for lack of jurisdiction (CV Dkt. 1).

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

---

[1] The Court also ruled in the alternative, on the merits, that Petitioner was entitled to no relief.

    3.    The **Clerk** shall terminate any pending motions and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2013.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copies furnished to</u>:
Counsel of Record
Petitioner, *pro se*